UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:14 CV 46 ) |
| DUSTIN McCOWAN, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION and ORDER

I. **BACKGROUND**[1]

Defendants William and Sandra Bach (the "Bachs") were the parents of Amanda Bach. Amanda died on September 16, 2011, as a result of a gunshot wound. (DE ## 12 at 3, 46-5 at 2.) On February 26, 2013, Defendant Dustin McCowan was convicted of the murder of Amanda. (DE # 46-3.)

At the time of Amanda's death, Dustin resided at the household of his parents: Amy McCowan and Defendant Joseph McCowan. (DE # 46-7 at 6.) American Family Mutual Insurance Company ("American Family") issued a homeowners policy of insurance (the "Policy") to Amy and Joseph McCowan for their residence in Valparaiso, Indiana. (DE # 46-1.) The Policy was in force on the date of Amanda's death. (DE # 46-1.)

---

[1] In the summary that follows, the court refers only to undisputed facts, or, if there is a dispute, notes that it exists and relies on the version of the facts, or inference therefrom, that is most favorable to the non-moving parties. This summary provides an overview. Additional relevant undisputed facts will be referred to in the analysis that follows.

The Policy, written by American Family, provided liability coverage as follows:

> **Coverage D— Personal Liability Coverage**. We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy.
>
> **Defense Provision**. If a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages payable under this policy as we think proper.

(DE # 46-1 at 12.) The Policy defines "bodily injury" as "bodily harm, sickness or disease. It includes resulting loss of services, required care and death." (*Id*. at 4.) The Policy defines "occurrence" as "an accident, including exposure to conditions, which results during the policy period in" (a) bodily injury; or (b) property damage. (*Id*.) Additionally, "[i]nsured means you and, if residents of your household: (1) your relatives; and (2) any other person under the age of 21 in your care or in the care of your resident relatives." (*Id*.)

Furthermore, the Policy contains certain exclusions from liability coverage:

> Coverage D— Personal Liability and Coverage E— Medical Expense do not apply to:
>
> **10. Intentional Injury**. We will not cover bodily injury or property damage caused intentionally by or at the direction of any insured even if the actual bodily injury or property damage is different than that which was expected or intended from the standpoint of the insured.
>
> * * *
>
> **17. Violation of Law**. We will not cover bodily injury or property damage arising out of . . . violation of any criminal law for which any insured is convicted.

2

(DE # 46-1 at 14.)

On March 28, 2013, the Bachs filed a lawsuit against Dustin and Joseph McCowan in the Porter County Superior Court. (DE # 46-5.) In the lawsuit, the Bachs allege that Dustin McCowan negligently, carelessly, recklessly, and/or intentionally shot Amanda Bach. (*Id.* at 3.) They also allege Joseph McCowan negligently failed to secure his firearms, one of which was used to shoot Amanda Bach. (*Id.* at 4.)

On February 14, 2014, American Family filed a complaint against Dustin McCowan, Joseph McCowan, and the Bachs in this court. (DE # 1.) American Family seeks a declaratory judgment stating, in essence, that it has no obligations under the Policy as to the actions of Dustin and Joseph McCowan which are the subject of the lawsuit filed by the Bachs. (*See id.*).

On July 31, 2015, American Family moved for summary judgment. (DE # 45.) Joseph McCowan filed a response to the motion (DE # 50) as did the Bachs (DE # 51). American Family filed a single reply addressing the responses. (DE # 54.) The motion is ripe for ruling.

II.   **LEGAL STANDARD**

Plaintiff has moved for summary judgment. Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is

appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

In the context of declaratory judgment actions, "[w]hen the basis of jurisdiction is diversity, most courts rely on the applicable state law to determine which party

shoulders the burden of proving the facts." *Am. Nat'l Fire Ins. Co. v. Rose Acre Farms, Inc.*, 911 F. Supp. 366, 369 (S.D. Ind. 1995). In Indiana, the party seeking the judgment in an action for declaratory judgment carries the burden of proof. *Sans v. Monticello Ins. Co.*, 718 N.E.2d 814, 819 (Ind. Ct. App. 1999). Here, American Family bears the initial burden of showing that no genuine issue of material fact remains.

**III.    DISCUSSION**

   *A.    Dustin McCowan*

In their lawsuit, the Bachs allege that Dustin McCowan shot Amanda Bach, and this caused a bodily injury resulting in her death. (DE # 46-5 at 2.) In its motion for summary judgment, American Family argues that it is not required to provide coverage to Dustin for any potential liability resulting from that injury, due to the terms of the Policy. (DE # 45 at 6–9.) Under the Policy, any relative of the named insured is also insured if he or she resides at the covered household. (DE # 46-1 at 4.) It is undisputed that Dustin was a resident of his parents' household at the time of the shooting, and therefore Dustin is also an insured. (*See* DE # 46-7 at 6.) Nevertheless, American Family contends that the Policy does not apply here for two reasons: (1) Dustin's actions were not an "occurrence" as defined in the Policy; and (2) liability coverage for Dustin is excluded under the intentional injury and violation of law exclusions. (DE # 45 at 6–9.)

Regarding the first of these two arguments, the Policy only provides liability coverage for injuries caused by "occurrences," which the Policy defines as accidents. (DE # 46-1 at 4, 12.) The Policy does not define the word "accident" but the Indiana

5

Supreme Court has held that "implicit in the meaning of 'accident' is the lack of intentionality."[2] *Auto Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind. 2006).

American Family argues that Dustin's murder conviction establishes his conduct was intentional, and therefore collateral estoppel bars any argument that his actions constitute an accidental occurrence. (DE # 45 at 6–8.) On the other hand, the Bachs argue that collateral estoppel does not apply. (DE # 51 at 3–4.)

However, the court need not reach the issue of whether or not Dustin's actions were intentional. Even if Dustin's conviction does not necessitate a finding of intentionality, it certainly triggers the Policy's violation of law exclusion. That exclusion states that American Family will not provide personal liability coverage for bodily injury "arising out of . . . violation of any criminal law for which any insured is convicted." (DE # 46-1 at 14.) There is no dispute that Dustin was convicted of murder. (DE # 46-3.) To the extent that Dustin caused the fatal bodily injury to Amanda Bach, as described in the Bachs' claim against Dustin, that injury arose out of Dustin's violation of the law. Thus, the exclusion applies and American Family need not provide liability coverage for Dustin McCowan.

Furthermore, the Policy's defense provision only applies to bodily injury caused by an occurrence *to which this policy applies*. (DE # 46-1 at 12 (emphasis added).) Since coverage for this bodily injury is excluded under the Policy, American family is not obligated to provide a defense for Dustin McCowan in the Bachs' suit.

---

[2] The parties do not dispute that Indiana substantive law applies. (*See* DE ## 45 at 5, 50 at 7, 51 at 9.)

B.    *Joseph McCowan*

Regarding Joseph McCowan, the Bachs allege that his negligence in failing to secure his firearms caused injury to Amanda Bach. (DE # 46-5 at 4.) However, American Family argues that it is not required to provide coverage to Joseph for any potential liability resulting from that injury. (DE # 45 at 10–20.) In its brief, American Family puts forth several arguments which assert, in sum, that even if Joseph did cause such an injury through his negligent actions, his liability coverage would be excluded under the Policy as a matter of law, due to Dustin's actions. (*See id*.)

The Bachs disagree with plaintiff's arguments and contend that American Family fails to address the holding in *Frankenmuth Mutual Insurance, Co. v. Williams*, 690 N.E.2d 675 (Ind. 1997). *Frankenmuth* specifically examines if the intentional acts of one insured preclude coverage for the negligent acts of a co-insured. *Id*. The facts of *Frankenmuth* involved a man who intentionally molested a child, while his wife committed only negligence. *Id*. at 676, 679. The Indiana Supreme Court held that the wife's negligence resulted in a legally distinct injury to the child: an injury of "exposure to the risk of molestation." *Id*. at 679. The husband and wife were co-insureds under the same insurance policy, but the Indiana Supreme Court concluded that the policy's "intentional act exclusion" did not apply to her negligence. *Id*. at 677, 679.

After the *Frankenmuth* decision, another judge in this district issued an opinion in which he applied the Indiana Supreme Court's reasoning while interpreting an American Family homeowners policy. *American Family Mut. Ins. Co. V. Bower*, 752 F.

7

Supp. 2d 957, 960 (N.D. Ind. 2010). The policy in *Bower* contained the exact same language as the McCowan's Policy in the sections outlining personal liability coverage, the intentional injury exclusion, and the violation of law exclusion. *Id*. at 962, 965. Both the policy in *Bower* and the Policy in the case at hand also contain identical "sexual molestation exclusions." (DE # 46-1 at 13); *Bower*, 752 F. Supp. 2d at 965. Ultimately, the court held that "under Indiana law the sexual molestation, the criminal law, or the intentional acts exclusions in American Family's policies do not apply to preclude coverage for the alleged negligent acts of a co-insured." *Id*. at 970.

The court also noted in *Bower* that *Frankenmuth* does not include discussion of any exclusions other than the intentional act exclusion. *Id*. Nevertheless, the court found no reason not to extend its holding to American Family's violation of law exclusion and the sexual molestation exclusion. *Id*. ("Indeed, it would make little sense to delineate among the three exclusions . . . ."). However, in a more recent decision, another judge in this district found that *Frankenmuth*'s reasoning did not apply to the interpretation of a sexual molestation exclusion, because the language of that exclusion was dissimilar to the language found in the intentional act exclusion in *Frankenmuth*. *Westfield Ins. Co. v. Hill*, 790 F. Supp. 2d 855, 867–68 (N.D. Ind. 2011). Specifically, the court focused on the "arising out of" language used in the sexual molestation exclusion. *See id*. at 863–64, 867–68. The violation of law exclusion in the McCowan Policy also contains "arising out of" language, while the intentional injury exclusion does not. (DE # 46-1 at 14.) Thus,

8

*Hill* indirectly brings into question *Bower's* conclusion that there was no reason to delineate between the exclusions in American Family's policies.

*Hill* itself makes no mention of *Bower* so there is no discussion of their apparent inconsistencies in either case. Furthermore, although the Bachs and American family each discuss *Bower* at length, the defendants do not address *Hill*. Meanwhile, American Family mentions *Hill* only in its reply brief, and even then it does not discuss the decision's apparent disagreement with *Bower* or the possibility that it may call for the violation of law exclusion to apply even in a situation where the intentional injury exclusion does not. (*See* DE # 54 at 12–13.) Since the parties have not provided sufficient briefing on this issue, the court is inclined to follow the holding of *Bower* and not draw a distinction between the two exclusions.

Given the cases outlined above, the court must now decide whether to grant American Family's motion for summary judgment as to Joseph McCowan. American Family has failed to draw a distinction between this case and *Bower*. At the very least, *Frankenmuth* and *Bower* support the Bachs' assertion that an injury caused by Joseph McCowan's negligence would fall under the personal liability coverage of the Policy, and that the intentional injury exclusion would not preclude coverage. American Family has also failed to address the possibility that the violation of law exclusion might apply where the intentional injury exclusion does not. Consequently, the court denies the motion for summary judgment as to Joseph McCowan.

The court can, however, move for summary judgment *sua sponte* "if [it has] given the affected parties advance notice of their intent to do so and a fair opportunity to respond with argument and evidence." *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). The court so moves, here, on the question of whether summary judgment is appropriate as to Joseph McCowan under the violation of law exclusion. Specifically, this motion will allow the parties to address the applicability of *Westfield Insurance Company v. Hill*.

## IV. CONCLUSION

For the foregoing reasons, the court

(1) **GRANTS, in part,** American Family's motion for summary judgment (DE # 44) as to the allegations against Dustin McCowan;

(2) otherwise **DENIES** American Family's motion for summary judgment;

(3) **MOVES** for summary judgment against defendants; and,

(4) **GRANTS** the parties thirty days from the date of this order in which to file any argument or evidence that they believe is relevant to the court's analysis regarding whether or not American Family is entitled to summary judgment as to Joseph McCowan on the basis of the violation of law exclusion.

**SO ORDERED.**

Date: February 16, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT